IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 1:09-CR-170
:
MAURICE OUTEN, :
    Defendant :

*M E M O R A N D U M*

I. *Introduction*

      Defendant, Maurice Outen, has filed a pro se motion under Fed. R. Crim. P. 33(a) for a new trial based on newly discovered evidence.[1] A jury found Defendant guilty of possession with intent to distribute fifty grams and more of cocaine base and cocaine. He was sentenced to 136 months of imprisonment, later reduced to 120 months. His conviction and sentence were affirmed on direct appeal. *United States v. Outen*, 412 F. App'x 492 (3d Cir. 2011)(nonprecedential). We denied his motion under 28 U.S.C. § 2255 to vacate his conviction, *United States v. Outen*, 2012 WL 2952096 (M.D. Pa. July 16, 2012), and the Third Circuit denied Defendant a certificate of appealability. *United States v. Outen*, No. 12-3288 (3d Cir. Feb. 13, 2013).

      Defendant's motion revisits an issue already explored in his 2255 motion but addresses it in the context of whether he is entitled to a new trial. Defendant was arrested at a hotel in the Harrisburg, Pennsylvania, area, where he had been living for a

---

[1] There are two motions for a new trial on the docket, Doc. 108 and Doc. 110. The motions are identical. Defendant explains that Doc. 110 was not intended as a separate motion but only as a copy of Doc. 108 for service on the government. (Doc. 113, ECF p. 1). We will deal here with Doc. 108.

couple of months. The police had been alerted to Outen's drug-trafficking activities by Emrica Smalls, his former girlfriend. Defendant's position is that Smalls was an emotionally unstable woman upset over the end of their relationship, so to exact revenge she planted almost a half a kilogram of powder cocaine and drug-trafficking paraphernalia (like a digital scale and electric mixers) in certain areas of the hotel where it would inculpate him.

As support for this theory, at his 2255 proceedings, Defendant relied on the testimony of Linda Wright Robinson, asserting in those proceedings his trial counsel was ineffective in not having her testify at trial. On the current motion, Robinson's testimony is claimed to be newly discovered evidence, entitling him to a new trial.[2]

II. *Background*

We provide sone background, relying mainly on our recitation of the facts in our memorandum denying Defendant's 2255 motion. 2012 WL 2952096, at **1-2, 4. The case against Defendant arose from events occurring a little after 11:00 p.m. on May 14, 2009. A Swatara Township police officer just happened to be at Defendant's hotel to show the night clerk a flyer on a unrelated incident. Smalls approached him, at first

---

[2] Defendant currently has pending an appeal from an order entered on April 3, 2013, which granted him only partial relief on a motion for reduction in sentence. The government suggests that we might not have jurisdiction to consider the new-trial motion in light of Rule 33(b)(1)'s prohibition on granting such a motion while an appeal is pending. As stated in the Rule: "If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). However, since we intend to deny the motion, we may proceed to adjudicate it. *See United States v. Norman*, 458 F. App'x 105, 107 n.3 (3d Cir. 2012)(nonprecedential).

-2-

supposedly wanting his assistance in retrieving her clothes from Defendant's room. (Doc. 70, trial transcript, pp. 22-26). She then began telling the officer and other officers that Defendant was a drug dealer. Then, as recounted by the Third Circuit on direct appeal:

> Outen refused the officers' request to accompany Smalls to retrieve her things and suggested that a hotel employee would go to the room instead. While Outen and the employee were in his room, one of the officers saw two handheld mixers, plastic baggies, acetone, and a box for a digital scale inside a trashcan outside Outen's room. Smalls remained in the parking lot and informed the officers that Outen was using his rental car to transport drugs. When they approached the car, officers observed a clear plastic bag containing a white powder sticking out from underneath a floor mat. Outen came back out to the parking lot, and the officers arrested him. Smalls also told the officers that Outen was hiding cocaine in the ceiling of the hotel's gym. As Smalls predicted, officers found underneath the ceiling tiles a bag containing a scale, powder cocaine, crack cocaine, and a receipt for Outen's hotel room. After obtaining a search warrant for Outen's hotel room and rental car, officers discovered cocaine and various drug paraphernalia.

*Outen*, *supra*, 412 F. App'x at 493. The amount of powder cocaine was 463.1 grams. (Doc. 70, pp. 115-16). It had a purchase price of $16,000 to $18,500. (*Id.*, 75). The amount of crack cocaine was 84.3 grams. (*Id.*, p. 116). Defendant's hotel receipt was found wrapped around the crack cocaine. (*Id.*, p. 72).

Robinson had become friends with Smalls when they were both serving time at the Montgomery County Correctional Facility. (Doc. 89, 2255 hearing transcript, p. 7). In a letter, Defendant notified counsel on August 7, 2009, before trial, that Robinson, identifying her as Linda Wright, could provide testimony favorable to the

defense. (*Id.*, p. 44).³ Defendant wrote that Robinson could testify that Smalls had previously tried to do the "same thing" to him with the police [meaning set him up], but it had not worked before, "so this time she made sure it stuck." (2255 hearing, Govt. Ex. 7, p. 3). Defendant also told counsel the witness was at the Montgomery County prison.

In an affidavit, dated July 19, 2011, and attached to Defendant's memorandum in support of his 2255 motion, Robinson describes the previous incident. On September 12, 2008, Outen, Smalls, and Robinson were driving in a car together. Smalls quarreled with Outen, and Smalls got out of the car. She flagged down a police officer and told him Outen had drugs on him. The officer handcuffed Defendant and searched him for drugs. Finding none, the officer released him. (Doc. 79, Def.'s 2255 Mem, ECF p. 39).

The affidavit added new information. Sometime in March or April of 2009, Smalls visited Robinson and said, "I know he is with another woman, and I am going to set his black ass up." Then a week after Defendant was arrested on the charge in the instant case, Smalls told Robinson, "I got him. I set his black ass up." (*Id.*). Robinson's testimony at the 2255 hearing materially affirmed these representations. (Doc. 89, pp. 8-10). Smalls did not tell Robinson how she was going to set Defendant up, only that she was going to set him up. (*Id.*, p. 9). Robinson knew that Defendant had been arrested but made no attempt to notify law enforcement or anyone associated with Defendant

---

³ Wright was married on September 19, 2008, and Robinson is her married name. (Doc. 89, 2255 Hearing Transcript, pp. 12, 15).

-4-

because no one told her she had to and the only thing she knew was that Defendant was in Harrisburg. (*Id.* pp. 17-18). Two weeks before executing her affidavit (about July 5, 2011), Defendant contacted her by phone about his case and she told him what she knew. (Doc. 79, ECF p. 40).

III. *Discussion*

Rule 33(b)(1) requires that any motion for a new trial based on newly discovered evidence "must be filed within 3 years after the verdict or finding of guilty." The government argues Defendant has not met the three-year deadline, as the jury returned its verdict of guilty on January 7, 2010 (Doc. 50), and Defendant did not file his motion until April 15, 2013, the date he placed it with prison authorities for mailing. We agree that the motion should be dismissed as untimely.[4]

Although the motion is untimely, we will comment on the merits. Defendant must satisfy five requirements before a new trial can be granted on the on the basis of newly discovered evidence:

> (a) the evidence must be in fact newly discovered, i.e. discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a

---

[4] Timeliness would not be an issue if Defendant could establish excusable neglect for not meeting the three-year deadline. *See United States v. Kennedy*, 354 F. App'x 632, 636 (3d Cir. 2009)(nonprecedential). However, we do not see how Defendant could establish excusable neglect. He certainly knew about Robinson's testimony by the date of the 2255 hearing, April 18, 2012, which left him with ample time to file a new-trial motion, a little less than nine months.

-5-

> new trial, the newly discovered evidence would probably
> produce an acquittal.

*United States v. Quiles*, 618 F.3d 383, 388-89 (3d Cir. 2010)(quoted cases omitted). A defendant must satisfy all five requirements. *United States v. Kelly*, 539 F.3d 172, 182 (3d Cir. 2008).

We will deal here solely with Robinson's assertion that Smalls told her before Defendant's arrest that Smalls was going to set him up and after his arrest Smalls said that she had successfully set him up. Robinson's additional statement that Smalls had on one occasion falsely told a police officer that Defendant was carrying drugs is not newly discovered evidence, 2012 WL 2952096, at *1-2, as the 2255 hearing established, and hence cannot be the basis of a new trial.

On the evidence we will consider, we conclude it is newly discovered since the trial. This was established at the 2255 hearing. 2012 WL 2952096, at *2. We also believe Defendant has shown diligence in discovering this new evidence, although the government disputes this. On this requirement, the focus is "on whether the evidence at issue could have been discovered before or at the time of trial with the exercise of reasonable diligence on behalf of the defendant and/or his counsel." *Kelly*, 539 F.3d at 182. Defendant could not have discovered this evidence before or at the time of trial. Robinson was friends with Smalls, (Doc. 89, 2255 hearing, ECF p. 7), but Defendant could not have anticipated that Smalls would have made any admissions to her. *Compare Kelly*, 539 F.3d at 183 (defendant did not show diligence when he failed to ask a witness what he knew about the crime, even though he knew the witness, who was

-6-

sitting next to the defendant at the time the offense occurred). We therefore conclude Defendant has shown diligence.

On the third requirement, the government argues that the evidence is merely impeaching and hence insufficient for the grant of a new trial.[5] Whether evidence can be characterized as impeaching or not, this requirement can be satisfied if "there is a strong exculpatory connection between the newly discovered evidence and the facts presented at trial" or if "the newly discovered evidence strongly demonstrate[s] that critical evidence at the trial against the defendant was very likely to have been false." *Id.* at 392-93.

We disagree with the government. The first part of this inquiry is satisfied by Robinson's testimony. There is a strong exculpatory connection. The drugs were not found in Defendant's hotel room or on his person; most of them were found in the ceiling of the hotel gymnasium, with drug paraphernalia found in a trash can near his room. This is consistent with the possibility that Smalls allegedly framed Defendant, and her alleged

---

[5] We agree with the government that Robinson's testimony cannot be used as substantive evidence to show that Smalls framed Defendant. Robinson's statement is hearsay, an out-of-court statement used to prove the truth of the matter asserted. Fed. R. Evid. 801(c)(1) and (2). Such hearsay evidence is only admissible as substantive evidence against a third-party declarant if she is unavailable at trial. *See United States v. Boyce*, 849 F.2d 833, 836 (3d Cir. 1988). Smalls was present at trial and testified. We recognize Defendant's argument that the evidence should nonetheless be admissible under Fed. R. Evid. 807, the residual hearsay exception. However, given the standard applicable to that hearsay exception, *see Kyeame v. Buchheit*, No. 07-CV-1239, 2011 WL 6151428 (M.D. Pa. Dec. 12, 2011), we disagree with Defendant.

admission that she did therefore has a sufficient exculpatory connection to the trial evidence.[6]

The fifth requirement is that the newly discovered evidence must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal. Citing *United States v. Morales*, 1991 WL 276022, at *2 (E.D. Pa. Dec. 18, 1991), Defendant asserts that on this requirement we must simply allow a jury at a new trial assess Robinson's credibility. This is an incorrect standard. *Kelly*, 539 F.3d at 189. The real standard focuses "on whether a jury probably would reach a different result upon hearing the new evidence." *Id.* "To make a determination under this standard, the district court cannot view the proffered testimony in a vacuum; it must weigh the testimony against all of the other evidence in the record, including the evidence already weighed and considered by the jury in the defendant's first trial." *Id.*

Applying this standard, we decide that the newly discovered evidence would not produce an acquittal. The newly discovered evidence is simply Robinson's unadorned assertion that Smalls admitted that she had set Defendant up. Robinson could offer no direct knowledge of how Smalls allegedly accomplished this or any detailed admission from Smalls as to how she did it. *Compare United States v. Figueroa*, No. 00-CR-94, 2008 WL 5263947, at *6 (E.D. Pa. Dec. 16, 2008)(new trial granted when witness admitted that he had set the defendant up and provided detailed testimony about

---

[6] We think this conclusion means that the fourth requirement of materiality is also satisfied.

-8-

how he had done it). In these circumstances, the concerns that led us to reject a claim of trial counsel ineffectiveness also leads us to believe that Robinson's testimony would not lead to an acquittal. As noted in our memorandum dealing with the 2255 motion, there was no evidence presented at trial that Smalls could have actually carried out a plan to frame Defendant. For example, there was no evidence that she would have had access to the large quantity of cocaine found at the hotel (almost half a kilogram) or the financial resources to purchase that quantity (about $16,00 to $18,000). 2012 WL 2952096, at *6. The jury would therefore have ignored Robinson's hearsay in finding Defendant guilty.

We will issue an appropriate order.

      /s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 17, 2013